**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARIANNE AJANI, ) | |
|          Plaintiff, ) | **No. 1:16-cv-5640** |
| ) | |
| v. ) | |
| ) | |
| PHILLIP BLEICHER, ) | |
| ) | |
|          Defendant. ) | |

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff hereby moves *in limine* to exclude evidence of any alleged loans made by Defendant to Plaintiff. Defendant claimed in their affirmative defenses -- that were stricken per order of Court -- that "Defendant loaned equal or greater amounts to Plaintiff without repayment" in the Sixth through Eighth defenses. Defendant alleged "Superseding and Intervening Causes" as his Sixth Affirmative Defense. Defendant alleges Waiver and Estoppel in the Seventh Affirmative Defense. Defendant alleges Offset in the Eighth Affirmative Defense. All of these defenses have been stricken.

Defendant has made no counterclaim. Defendant has failed to identify any loan made from Defendant to Plaintiff in this case. Defendant should not be permitted to distract the jury with his argument that he was justified in defrauding Ms. Ajani of $10,000 because he had loaned her money in the past. Defendant converted $10,000 from Ms. Ajani to his Blatino Media pornography business that was intended as an investment in securities and a personal loan.

As the United States Court of Appeals for the Seventh Circuit has summarized: "Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of

lengthy and complex evidentiary issues." *U.S. v. Tokash*, 282 F.3d 962, 968 (7th Cir.), cert. denied, 535 U.S. 1119 (2002), citing *U.S. v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998), and *U.S. v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999). See also *U.S. v. Acox*, 595 F.3d 729, 733 (7th Cir. 2010)(If issue raised by motion in limine is definitively resolved before trial, an objection at trial is unnecessary).

Plaintiff believes that the focus of the trial should be focused on the claims at issue that relate to the $5,000 investment in securities and the $5,000 personal loan. Defendant's failure to allege a counterclaim or proper affirmative defense results in evidence related to these claims inadmissible. Plaintiff also failed to identify any valid loans in response to Plaintiff's Interrogatories. In Interrogatory #14. Plaintiff asked, "Describe in detail the facts that support the allegation that Defendant loaned equal or greater amounts to Plaintiff without repayment. Defendant answered in relevant part. "Response:…. Defendant states that on a number of occasions that he extended various loans to Plaintiff that were not documented…" See Exhibit A.

Defendant fails to identify any specific loan and admits that the claimed loans were undocumented. Since Defendant did not disclose any facts about any specific loan and never amended the response prior to the close of discovery, this Court should rule *in limine* that any testimony or evidence about any loans from Defendant to Plaintiff are barred.

"Pursuant to Fed.R.Civ.P. 37(c)(1), a party who 'without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, … information not so disclosed.'" *Graves v. Theil*, No. 01 C 7714, 2002 WL 31455973, at *1 (N.D. Ill. Oct. 31, 2002)(granting motion *in*

*limine* to exclude evidence about undisclosed lost income.) Like the Court in *Graves v. Theil*, Plaintiff respectfully requests that this Court exclude any evidence about loans that Defendant extended to Plaintiff.

  WHEREFORE, Plaintiff requests that this Court rule *in limine* that all evidence of any loans made from Plaintiff to Defendant is excluded from trial.

             Respectfully Submitted,
             Plaintiff Marianne Ajani


             <u>/s/ Mark T. Lavery</u>
              One of Her Attorneys

Mark T. Lavery
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, IL 60602
312-344-1945