## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIANNE AJANI f/k/a MURRILLO, | ) | |
| | ) | Case No. 2016 CV 5640 |
| Plaintiff, | ) | |
| | ) | Hon. Thomas M. Durkin |
| v. | ) | |
| | ) | Magistrate Maria Valdez |
| PHILLIP BLEICHER, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PHILLIP BLEICHER'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To:    Mark T. Lavery, Esq.
       332 S. Michigan, 9th Floor
       Chicago, IL 60604

Defendant PHILLIP BLEICHER, for his responses to Plaintiff's First Request for the Production of documents, states as follows:

## PRELIMINARY STATEMENT

Defendant has not completed his investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts information, evidence, documents, and things may be discovered which are not set forth in these responses, but which may have been responsive to one or more of the Requests. The following responses are based on Defendant's knowledge, information, and belief at this time, and are complete as to Defendant's best knowledge at this time. Furthermore, these responses were prepared based on Defendant's good faith interpretation and understanding of the Requests for Production of Documents, and are subject to correction for inadvertent errors or omissions, if any.

These responses are made solely for the purpose of this action. The responses set forth herein, and the production of documents or disclosure of information in response to any of the

1

Requests, are subject to any and all objections as to competence, relevance, materiality, admissibility, privilege, and any and all other objections on any grounds that would require the exclusion of any document or information, all of which objections and grounds are hereby reserved and may well be interposed at the time of trial. Defendant reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses. In addition, except as otherwise required by applicable law, Defendant assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence, and documentation which hereinafter may be discovered.

To the extent that any Request seeks documents which are also sought by or identified pursuant to any other Request, Defendant declines to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive. To the extent that any Request seeks documents which have already been produced or which have been identified as exhibits to any depositions in this action, Defendant declines to produce or identify such documents.

## GENERAL OBJECTIONS

1.    Defendant hereby incorporates by reference the General Objections set forth below into each and every response to the Request. While a specific response may repeat a General

Objection for emphasis, the failure to include any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that Request.

2.      Defendant objects to the Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, right of privacy or other applicable privilege. To the extent that documents are produced in this action, no documents or information subject to such privilege or protection will be produced, and any inadvertent production thereof will not be deemed a waiver of any privilege or protection.

3.      Defendant objects to the Request to the extent it is vague, ambiguous, and fails to describe the requested documents with reasonable particularity.

4.      Defendant objects to the Request to the extent it seeks production of documents that contain confidential or proprietary information, trade secrets or other confidential research, development, and financial or commercial information of defendants or third parties.

5.      Defendant objects to the Request to the extent any document request is overly broad, unduly burdensome, oppressive or constitutes an abuse of process. Defendant further objects to the Request to the extent any document request is unduly burdensome in light of the costs imposed as weighed against plaintiffs' need for the information.

6.      Defendant objects to the Request to the extent any document request is unreasonably cumulative and/or redundant of another document request.

7.      Defendant objects to the Request to the extent it seeks documents not within Defendant's possession, custody or control, or documents that are equally available to plaintiffs or from public sources.

8. Defendant objects to the Request to the extent any document request calls for a legal conclusion. Defendant's responses and production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any terms used in the Request.

9. Defendant objects to the Request to the extent that it calls for production of materials that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

10. Defendant objects to the Request, and to the Instructions and Definitions therein, to the extent that it seeks to impose any continuing duty to supplement or provide further responses to the Request, or seeks to impose on Defendant discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois. Defendant will comply with these Rules and not with plaintiffs' "Instructions" in responding to this Request.

11. Defendant objects to the Request as unreasonably burdensome and oppressive to the extent that it seeks production of documents maintained in electronic or magnetic form. Such production would be cumulative and duplicative of other documents produced.

12. Defendant expressly reserves the right to object on any ground whatsoever to the admission into evidence or other use of any of the documents produced in response to the Request at the trial of this matter, at any other proceeding in this matter or in any other actions, and the right to object on any ground whatsoever at any time to any demand for further responses to the Request or to any other discovery procedures involving or relating to the subject matter of the Request.

13.     To the extent that documents are produced in this action pursuant to the Request, any copying will be performed at plaintiffs' expense, and responsive documents will be shipped to

14.     Defendant objects to the "Relevant Time Period" as overly broad and seeking documents not relevant to this action.

## RESPONSES

1.     The complete personnel files, all 18 U.S.C. § 2257A records, payroll records, desk files, and all other documents that refer or relate to Blatino Media during the relevant time period.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant produces the documents attached as Exhibit A hereto.

2.     Any and all articles of incorporation, organizational charts, phone directories, and other documents that refer to, relate to, or depict the organizational of Blatino Media during the relevant time period.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant produces the documents attached as Exhibit B hereto. Investigation continues.

3.     Any electronic mail that refers or relates to Plaintiff.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant does not have any such documents in his possession. Investigation continues.

4.     Any and all documents that refer or relate to any expert witness Defendant intends or anticipates calling in this action, including, without limitation, all expert reports, curriculum vitae, or other documents related to the experts qualifications, engagement letters or fee agreements, and any and all documents given to the expert to review.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant does not have any such documents in his possession.

5.  Any and all witness statements or interview notes taken regarding any of the matters referenced in or otherwise related to the complaint or Defendant's answer and affirmative defenses thereto.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant does not have any such documents in his possession. Investigation continues.

6.  Any and all documents outside the scope of the foregoing requests related to the subject matter of Plaintiff's complaint.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant has no such documents to produce. Investigation continues.

7.  Any and all documents outside the scope of the foregoing requests on which Defendant intends to rely in defense of Plaintiff's claim.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant has no such documents to produce. Investigation continues.

8.  All documents disclosed in response to rule 26(a) disclosures.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant produces the documents attached as Exhibits A, B and C hereto.

9.  All documents identified in response to Plaintiff's Interrogatories.

*Response:* Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks

documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant produces the documents attached as Exhibits A, B and C hereto.

10.    All documents related to the subject checks identified in the Complaint.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant produces the documents attached as Exhibit C hereto.

Dated October 31, 2016

Respectfully Submitted,

PHILLIP BLEICHER

By His Attorney

Adam S. Tracy
The Tracy Firm, Ltd.
2100 Manchester Road
Suite 615
Wheaton, IL 60187
888.978.9901 Tel.
630.689.9471 Fax
at@ibankattorneys.com
ARDC 6287552

## Certification

Under penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the facts set forth in the attached Defendant's Responses to Plaintiff's Requests to Production are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned believes the same to be true.

Dated: October 31, 2016

*Phillip Bleicher*
Phillip Bleicher (Oct 31, 2016)

Phillip Bleicher

**EXHIBIT A**

**18 U.S.C. 2257 Statement**

In compliance with the Federal Labeling and Record-Keeping Law (also known as 18 U.S.C. 2257), all models located within our domain were 18 years of age or older during the time of photography. All models' proof of age is held by the custodian of records, which is listed below, organized by producer. All content and images are in full compliance with the requirements of 18 U.S.C. 2257 and associated regulations. 2257 records are maintained in a private secure location, to obtain access or inquire about the records, please write to the 2257 Record Holder:

Phillip Bleicher
3526 South Prairie Ave, Chicago IL 60653

**EXHIBIT B**

## OFFICE OF THE ILLINOIS SECRETARY OF STATE

### JESSE WHITE
### SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| File Number | 69815952 | | |
| Entity Name | BLATINO MEDIA INC. | | |
| Status | DISSOLVED | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 10/06/2014 | State | ILLINOIS |
| Agent Name | RICHARD COOPER | Agent Change Date | 06/18/2015 |
| Agent Street Address | 3526 S PRAIRIE AVE | President Name & Address | |
| Agent City | CHICAGO | Secretary Name & Address | INVOLUNTARY DISSOLUTION 03 11 16 |
| Agent Zip | 60653 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 00/00/0000 | For Year | 2015 |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

**EXHIBIT C**

# Business Checking

PNC Bank

**PNC BANK**

**For the Period 05/01/2015 to 05/29/2015**

Primary Account Number: ▮▮▮▮▮▮▮
Page 1 of 4
Number of enclosures: 0

BLATINO MEDIA INC.
3526 S PRAIRIE AVE
CHICAGO IL 60653-1007

For 24-hour banking sign on to
PNC Bank Online Banking on pnc.com
FREE Online Bill Pay

For customer service call 1-877-BUS-BNKG
Monday - Friday: 7 AM - 10 PM ET
Saturday & Sunday: 8 AM - 5 PM ET

Para servicio en espanol, 1-877-BUS-BNKG

**Moving?** Please contact your local branch

Write to: Customer Service
PO Box 609
Pittsburgh, PA 15230-9738
Visit us at PNC.com/mybusiness/

TDD terminal: 1-800-531-1648
For hearing impaired clients only

## Business Checking Summary

Blatino Media Inc.

Account number: ▮▮▮▮▮▮▮

Overdraft Protection has not been established for this account.
Please contact us if you would like to set up this service.

## Balance Summary

| Beginning balance | Deposits and other additions | Checks and other deductions | Ending balance |
|---|---|---|---|
| ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮▮ |

| | | Average ledger balance | Average collected balance |
|---|---|---|---|
| | | ▮▮▮▮ | ▮▮▮▮ |

## Overdraft and Returned Item Fee Summary

| | Total for this Period | Total Year to Date |
|---|---|---|
| Total Overdraft Fees | ▮▮▮▮ | ▮▮▮▮ |
| Total NSF/OD Refunds | ▮▮▮▮ | ▮▮▮▮ |

## Deposits and Other Additions

| Description | Items | Amount |
|---|---|---|
| Deposits | ▮ | ▮▮▮ |
| ACH Additions | ▮ | ▮▮▮ |
| Fee Refunds | ▮ | ▮▮▮ |
| Other Additions | ▮ | ▮▮▮ |
| Total | ▮ | ▮▮▮ |

## Checks and Other Deductions

| Description | Items | Amount |
|---|---|---|
| Checks | ▮ | ▮▮▮ |
| ATM/Misc. Check Card Transactions | ▮ | ▮▮▮ |
| ACH Deductions | ▮ | ▮▮▮ |
| Service Charges and Fees | ▮ | ▮▮▮ |
| Total | ▮ | ▮▮▮ |

## Daily Balance

| Date | Ledger balance | Date | Ledger balance | Date | Ledger balance |
|---|---|---|---|---|---|
| ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ |
| ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ |
| ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ | ▮▮ | ▮▮▮ |

Daily Balance continued on next page

# Business Checking

For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 05/01/2015 to 05/29/2015**
Blatino Media Inc.
Primary Account Number: ▮▮▮▮▮▮▮
Page 2 of 4

Business Checking Account Number: ▮▮▮▮▮ - continued

## Daily Balance  - continued

| Date | Ledger balance |
|------|----------------|
| ▮▮▮  | ▮▮▮            |

## Activity Detail

## Deposits and Other Additions

### Deposits

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| 05/08 | 5,000.00 | Deposit | 034060258 |
| ▮▮▮ | ▮▮▮ | | ▮▮▮ |
| 05/13 | 5,000.00 | Deposit | 037348026 |

### ACH Additions

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| 05▮ | | ▮▮▮▮▮▮ | ▮▮▮▮ |

### Fee Refunds

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| ▮▮▮ | ▮▮▮ | ▮▮▮▮ | |

### Other Additions

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |

## Checks and Other Deductions

### Checks and Substitute Checks          * Gap in check sequence

| Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number | Date posted | Check number | Amount | Reference number |
|-------------|--------------|--------|------------------|-------------|--------------|--------|------------------|-------------|--------------|--------|------------------|
| ▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮▮ | ▮▮ | ▮▮ | ▮ | ▮ | ▮▮ | ▮▮ |
| | | ▮▮ | ▮▮ | | | ▮▮ | ▮▮ | | | ▮▮ | ▮▮ |
| | | ▮▮ | ▮▮ | | | | | | | ▮▮ | ▮▮ |

### ATM/Misc. Check Card Transactions

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| ▮▮▮ | ▮▮▮ | ▮▮▮▮▮▮ | ▮▮▮▮ |

### ACH Deductions

| Date posted | Amount | Transaction description | Reference number |
|-------------|--------|-------------------------|------------------|
| ▮▮▮ | ▮▮▮ | ▮▮▮▮ | ▮▮▮ |
| ▮▮▮ | | ▮▮▮▮ | ▮▮▮ |
| ▮▮▮ | | ▮▮▮ | ▮▮▮ |
| ▮▮▮ | ▮▮▮ | ▮▮▮ | ▮▮▮ |
| | | ▮▮▮▮ | |

ACH Deductions continued on next page

# Business Checking

For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 05/01/2015 to 05/29/2015**
Blatino Media Inc.
Primary Account Number: ▉▉▉▉▉▉▉▉
Page 3 of 4

Business Checking Account Number: ▉▉▉▉▉ - continued

## ACH Deductions  *- continued*

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|

## Service Charges and Fees

| Date posted | Amount | Transaction description | Reference number |
|---|---|---|---|

## Detail of Services Used During Current Period

Note: The total charge for the following services will be posted to your account on 06/01/2015 and will appear on your next statement as a single line item entitled Service Charge Period Ending 05/29/2015.

| Description | Volume | Amount |
|---|---|---|

Hear from real businesses like yours . . . and get $100

Have you tried Cash Flow Insight available in Online Banking today?

See real business success stories at pnc.com/cashflowinsight to see how Cash Flow Insight is helping businesses like yours. Try it free for 90 days, and get $100 for getting to know your new tools.*

# Business Checking

For 24-hour account information, sign-on to
pnc.com/mybusiness/

**For the Period 05/01/2015 to 05/29/2015**
Blatino Media Inc.
Primary Account Number: ▮▮▮▮▮▮
Page 4 of 4

Business Checking Account Number: ▮▮▮▮▮▮ - continued

What are businesses saying about Cash Flow Insight?
> "Cash Flow Insight is saving us $250+ every month."
> "It easily saves 15-20 hours of my time every month."
> "Our customers are now making payments faster, which makes my job easier."
> "I chose Cash Flow Insight because there wasn't another bank that connected with our accounting system so seamlessly."
> "Anybody using QuickBooks® should be using Cash Flow Insight."
> "I have more visibility into my cash flow, and I know each month exactly what I'm going to be getting paid."

To try Cash Flow Insight for up to 90 days at no cost, and take advantage of this limited-time $100 offer, call 855-762-2361 or learn more at pnc.com/cashflowinsight.

*Cash Flow Insight requires a PNC business checking account and enrollment in PNC Online Banking. Free trial offer valid for Cash Flow Insight and additional tools (Receivables, Payables and Accounting Software Sync) for your current statement cycle period and two additional statement cycles. One free trial per customer. For supported accounting software, post-trial fees, how to un-enroll and details on the $100 offer, visit pnc.com/cashflowinsight. Limit one $100 offer per business. Offer may be extended, modified or discontinued at any time without notice. Cash Flow Insight is a service mark of The PNC Financial Services Group, Inc. QuickBooks® is a registered trademark of Intuit®, Inc. PNC Bank, National Association. Member FDIC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIANNE AJANI f/k/a MURRILLO, | ) | Case No. 2016 CV 5640 |
| Plaintiff, | ) | |
| | ) | Hon. Thomas M. Durkin |
| v. | ) | |
| | ) | Magistrate Maria Valdez |
| PHILLIP BLEICHER, | ) | |
| Defendant. | ) | |

## DEFENDANT PHILLIP BLEICHER'S ANSWERS TO
## PLAINTIFF'S INTERROGATORIES

To:     Mark T. Lavery, Esq.
        332 S. Michigan, 9th Floor
        Chicago, IL 60604

Defendant PHILLIP BLEICHER, for his responses to Plaintiff's Interrogatories, states as follows:

## PRELIMINARY STATEMENT

Defendant has not completed his investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. As discovery proceeds, facts information, evidence, documents, and things may be discovered which are not set forth in these responses, but which may have been responsive to one or more of the Requests. The following responses are based on Defendant's knowledge, information, and belief at this time, and are complete as to Defendant's best knowledge at this time. Furthermore, these responses were prepared based on Defendant's good faith interpretation and understanding of the Requests for Production of Documents, and are subject to correction for inadvertent errors or omissions, if any.

These responses are made solely for the purpose of this action. The responses set forth herein, and the production of documents or disclosure of information in response to any of the

1

Requests, are subject to any and all objections as to competence, relevance, materiality, admissibility, privilege, and any and all other objections on any grounds that would require the exclusion of any document or information, all of which objections and grounds are hereby reserved and may well be interposed at the time of trial. Defendant reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in these responses. In addition, except as otherwise required by applicable law, Defendant assumes no obligation to voluntarily supplement or amend these responses to reflect information, evidence, documents or things discovered following service of these responses. Nevertheless, these responses are given without prejudice to subsequent revision or supplementation, including objections, based upon any information, evidence, and documentation which hereinafter may be discovered.

To the extent that any Request seeks documents which are also sought by or identified pursuant to any other Request, Defendant declines to produce or identify multiple copies of such documents, and states that each document produced or identified pursuant to any Request is also produced pursuant to every other Request to which it is or may be responsive. To the extent that any Request seeks documents which have already been produced or which have been identified as exhibits to any depositions in this action, Defendant declines to produce or identify such documents.

## GENERAL OBJECTIONS

1.    Defendant hereby incorporates by reference the General Objections set forth below into each and every response to the Request. While a specific response may repeat a General

Objection for emphasis, the failure to include any General Objection in any specific response shall not be interpreted as a waiver of any General Objection to that Request.

2.       Defendant objects to the Request to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, right of privacy or other applicable privilege. To the extent that documents are produced in this action, no documents or information subject to such privilege or protection will be produced, and any inadvertent production thereof will not be deemed a waiver of any privilege or protection.

3.       Defendant objects to the Request to the extent it is vague, ambiguous, and fails to describe the requested documents with reasonable particularity.

4.       Defendant objects to the Request to the extent it seeks production of documents that contain confidential or proprietary information, trade secrets or other confidential research, development, and financial or commercial information of defendants or third parties.

5.       Defendant objects to the Request to the extent any document request is overly broad, unduly burdensome, oppressive or constitutes an abuse of process. Defendant further objects to the Request to the extent any document request is unduly burdensome in light of the costs imposed as weighed against plaintiffs' need for the information.

6.       Defendant objects to the Request to the extent any document request is unreasonably cumulative and/or redundant of another document request.

7.       Defendant objects to the Request to the extent it seeks documents not within Defendant's possession, custody or control, or documents that are equally available to plaintiffs or from public sources.

8.     Defendant objects to the Request to the extent any document request calls for a legal conclusion. Defendant's responses and production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any terms used in the Request.

9.     Defendant objects to the Request to the extent that it calls for production of materials that are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

10.     Defendant objects to the Request, and to the Instructions and Definitions therein, to the extent that it seeks to impose any continuing duty to supplement or provide further responses to the Request, or seeks to impose on Defendant discovery obligations exceeding or inconsistent with the scope of the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Illinois. Defendant will comply with these Rules and not with plaintiffs' "Instructions" in responding to this Request.

11.     Defendant objects to the Request as unreasonably burdensome and oppressive to the extent that it seeks production of documents maintained in electronic or magnetic form. Such production would be cumulative and duplicative of other documents produced.

12.     Defendant expressly reserves the right to object on any ground whatsoever to the admission into evidence or other use of any of the documents produced in response to the Request at the trial of this matter, at any other proceeding in this matter or in any other actions, and the right to object on any ground whatsoever at any time to any demand for further responses to the Request or to any other discovery procedures involving or relating to the subject matter of the Request.

4

13.    To the extent that documents are produced in this action pursuant to the Request, any copying will be performed at plaintiffs' expense, and responsive documents will be shipped to

14.    Defendant objects to the "Relevant Time Period" as overly broad and seeking documents not relevant to this action.

## ANSWERS

1.    Describe in detail Blatino Media's organizational structure in effect, at any time, during the relevant time period and further identify by name, current or last known address, sex, and job title each person employed by Blatino Media during the relevant time period.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that Richard Cooper, 3526 South Prairie Avenue, Chicago, IL 60653 was Blatino Media's lone officer, director and employee during the relevant time period.

2.    Identify each and every person with knowledge of any of the facts or circumstances set forth in the complaint, specifying the nature and scope of the person's knowledge, and further identify each and every person contributing to Defendant's answers to these interrogatories.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that Marianne Ajani, Richard Cooper, Paul DuVual, and Phillip Bleicher are the only individuals known to Defendant with knowledge of the facts and circumstances alleged in the Complaint. Phillip Bleicher alone contributed to the answers set forth herein.

3.    Identify each and every person with knowledge of any of the facts or circumstances related to any of Defendant's affirmative defenses, specifying the nature and scope of the person's knowledge.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that Marianne Ajani, Richard Cooper, Paul DuVual, and Phillip Bleicher are the only individuals known to Defendant with knowledge of the facts and circumstances alleged in his Affirmative Defenses. Defendant contends that

Marianne Ajani, Richard Cooper, Paul DuVual, and Phillip Bleicher have knowledge concerning the circumstances under which Ajani delivered the subject check to Bleicher and the purpose therefor.

4.     Identify any and all documents in Defendant's possession or control, or of which it has knowledge, that reflect or relate to any of the information requested in these Interrogatories or that otherwise relate to the complaint or any defenses thereof.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that it is in possession of a bank statement indicating the deposit of the subject check. Investigation continues.

5.     State whether Defendant contemplates the use of an expert witness in this case. If so, with respect to each expert witness contacted regarding this matter, please state

a. his or her name, current or last known address, employer, and job title;

b. his or her qualifications as an expert;

c. his or her field or area of expertise;

d. the date of initial contact with the expert and whether Defendant retained the expert or intends to do so;

e. the terms of any engagement letter or other agreement between the expert and Defendant; and

f. the nature of any expert opinion sought from the witness and the information or documents on which the expert opinion is to be based.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that it will not be employing any expert witnesses in this matter.

6.     Identify any documents that Defendant provided to all experts referenced in the answer to the immediately preceding Interrogatory.

**Response:**  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that it will not be employing any expert witnesses in this matter.

7.      Describe in detail why Defendant Bleicher negotiated checks from Plaintiff in the name Blatino Media.

*Response:*  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that the checks received from Plaintiff were for repayment of a loan and Defendant further lent Blatino Media the $10,000.

8.      Identify each and every document that was consulted or referenced in answering these Interrogatories.

*Response:*  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that it did not rely on any document in preparing the Answers contained herein.

9.      Describe in detail all conversations and communications between Plaintiff and Defendant on May 13, 2015.

*Response:*  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states it is not currently in possession of cellular text messages from such but is seeking recovery of the same. Investigation continues.

10.      Describe in detail all conversations and communications between Plaintiff and Defendant on May 8, 2015.

*Response:*  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states it is not currently in possession of cellular text messages from such but is seeking recovery of the same. Investigation continues.

11.      Describe in detail the facts that support your affirmative defense of the business judgment rule and that Defendant acted consistently with sound business judgment and accordance with industry practices.

*Response:*  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, in its affirmative defense of assumption of risk, assuming, in the alternative, that Plaintiff tendered the checks to Defendant as an investment and not repayment of a loan, Defendant used sound business judgment in investing the $10,000.

12.     Describe in detail what Blatino Media did with the proceeds of the $10,000 in checks from Plaintiff.

***Response:***  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states the checks represented a repayment of certain loans made by Defendant to Plaintiff. Defendant further states that he invested the repayment of such loans, e.g., the $10,000 from Plaintiff into Blatino Media to be used as working capital.

13.     Describe in detail the facts that support the allegation that Defendant loaned equal or greater amounts to Plaintiff without repayment.

***Response:***  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, Defendant states that on a number of occasions that he extended various loans to Plaintiff that were not documented. Investigation continues as to the dates and amounts of such loans.

14.     Describe in detail the facts that support the defense of assumption of the risk.

***Response:***  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Notwithstanding the foregoing, in its affirmative defense of assumption of risk, assuming, in the alternative, that Plaintiff tendered the checks to Defendant as an investment and not repayment of a loan, she assumed the risk that an investment in speculative securities carries with it a risk of loss of principal.

15.     Describe in detail the facts that support the allegation that Defendant at all times acted in good faith and in the belief that his conduct conformed with all applicable laws and regulations.

***Response:***  Defendant incorporates the General Objections set forth above. Defendant further objects to this Request on the grounds that it is unduly burdensome and oppressive in that it seeks documents previously produced by other parties or sources and/or available from other parties or sources. Moreover, Defendant contends that such request calls for a legal conclusion to which no response is required.

Dated October 31, 2016

Respectfully Submitted,

PHILLIP BLEICHER

By His Attorney

Adam S. Tracy
The Tracy Firm, Ltd.
2100 Manchester Road
Suite 615
Wheaton, IL 60187
888.978.9901 Tel.
630.689.9471 Fax
at@ibankattorneys.com
ARDC 6287552

9

## Certification

Under penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the facts set forth in the attached Defendant's Responses to Plaintiff's Requests to Production are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned believes the same to be true.

*Phillip Bleicher*
Phillip Bleicher (Oct 31, 2016)

Dated: October 31, 2016

Phillip Bleicher



# Discovery Response Verification

Adobe Sign Document History                                    10/31/2016

| | |
|---|---|
| Created: | 10/31/2016 |
| By: | Adam Tracy (at@ibankattorneys.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAb-Dn-l_nX1Qn1nUSBC2s7zLWMczV7mX6 |

## "Discovery Response Verification" History

Document created by Adam Tracy (at@ibankattorneys.com)
10/31/2016 - 12:14:14 PM PDT- IP address: 73.74.173.117

Document emailed to Phillip Bleicher (phil@flavaworks.com) for signature
10/31/2016 - 12:15:51 PM PDT

Document viewed by Phillip Bleicher (phil@flavaworks.com)
10/31/2016 - 12:41:32 PM PDT- IP address: 67.167.241.119

Document e-signed by Phillip Bleicher (phil@flavaworks.com)
Signature Date: 10/31/2016 - 12:48:15 PM PDT - Time Source: server- IP address: 67.167.241.119

Signed document emailed to Phillip Bleicher (phil@flavaworks.com) and Adam Tracy (at@ibankattorneys.com)
10/31/2016 - 12:48:15 PM PDT

Adobe Sign